

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2008

# Wibowo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1923

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wibowo v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1923

BUDI WIBOWO,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A 96-203-861)
Immigration Judge: Charles Honeyman

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2008

Before: AMBRO, FISHER, and JORDAN, Circuit Judges

(Opinion filed:   April 30, 2008)

OPINION

PER CURIAM

Budi Wibowo, a native and citizen of Indonesia, petitions for review of a final

order of the Board of Immigration Appeals ("BIA"), in which the BIA affirmed the denial

by the Immigration Judge ("IJ") of Wibowo's application for asylum and withholding of removal.[1]

Wibowo is Javanese and a Muslim. He bases his claims for relief on his fear of returning to Indonesia. He claims that Muslim radicals who opposed a musical event that he co-coordinated were responsible for a beating that resulted when he and others refused to call off the event. He believes that these same Muslim radicals were later responsible for an incident where his motorcycle tires were flattened and for the robbery of his cell-phone store.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the IJ's decision and the BIA's affirmance under the deferential "substantial evidence" standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). A finding is not supported by substantial evidence only where "no reasonable fact finder could make that finding on the administrative record." Id.

First, we agree with the BIA that Wibowo failed to appeal from the IJ's denial of his request for protection under the CAT and, therefore, we lack jurisdiction to entertain that claim. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (an alien is required to raise and exhaust his remedies as to each claim or ground of relief if he is to preserve the right of judicial review of that claim). We also lack jurisdiction to review

---

[1] The IJ and the BIA also determined that Wibowo's application for asylum was time barred. The BIA deemed Wibowo's request for relief under the Convention Against Torture waived. Wibowo does not challenge either finding.

2

the timeliness of his asylum application where, as here, a petitioner has not alleged a constitutional claim or raised a question of law. See 8 U.S.C. § 1158(a)(3), 1252(a)(2)(D); Tarrawally v. Ashcroft, 338 F.3d 180 (3d Cir. 2003); see also Sukwanputra v. Gonzales, 434 F.3d 627, 634-35 (3d Cir. 2006).

Wibowo's sole remaining claim is for withholding of removal. To obtain withholding of removal, Wibowo bore the burden of establishing that it was more likely than not that his life or freedom would be threatened in Indonesia on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); Romanishyn v. Att'y Gen., 455 F.3d 175, 178 n.1 (3d Cir. 2006); Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001) (holding that "more likely than not" is the standard to establish withholding of removal). Wibowo argues that he provided sufficient evidence of past persecution, having testified that he was beaten up in 1997 by a group of radical Muslims who opposed the concert he coordinated and who had unsuccessfully tried to recruit him. Wibowo also points out in his brief that the 2002 International Religious Freedom Report documents interreligious violence that occurred during 2002, sometimes with official complicity.

Substantial evidence supports the IJ's denial of Wibowo's request for withholding of removal. See; 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The three incidents that Wibowo testified to having suffered—one instance of physical violence by unidentified persons in 1997 at the concert event, the puncturing of

3

his motorcycle tire by an unidentified person, and the robbery of his cell phone store—are not serious enough to constitute persecution under the statute. See, e.g., Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (persecution is an "extreme concept" that "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional").

Wibowo did not demonstrate either "a real threat to life or freedom" or that the Indonesian government is "unable or unwilling to control" the individuals who allegedly persecuted him. See Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) (finding that random street violence and criminal activity does not constitute persecution). First, the beating Wibowo experienced resulted in black and blue bruises, but Wibowo did not testify that he sought medical treatment after he was beaten, nor that he has suffered long-term serious harm. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (noting the minor injury suffered by the petitioner was not so severe as to constitute persecution). Second, even if Wibowo could show that the harm he experienced was severe enough to rise to the level of persecution, Wibowo has not provided sufficient evidence to compel our conclusion that the alleged events he suffered were inflicted by the Muslim radicals' desire to penalize him based on his religious beliefs. See Abdille, 242 F.3d at 495 (generalized evidence of hostility toward a group is insufficient to constitute persecution). Under our deferential review standard, the BIA's conclusion must be upheld.

Finally, there is no record evidence that the alleged persecution was perpetrated by

the Indonesian government, or by forces the government is unwilling or unable to control. See, e.g., Lie, 396 F.3d at 536 (noting that two isolated criminal acts, perpetuated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, were not sufficiently severe to be considered persecution unless committed by the government or forces the government is either "unable or unwilling" to control); see also Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Wibowo relies on a general statement in the 2002 Report on International Religious Freedom, which states that the Indonesian government tolerates interreligious violence. However, Wibowo does not claim that there is a pattern or practice of persecution against persons with his particular political or religious beliefs by Muslim radicals or that the government specifically tolerates the group that beat him up in 1996.

For the foregoing reasons, we will deny the petition for review.